DONNA L. HAYMAN            \*     IN THE
414 High Street
Chestertown, MD 21620        \*     2013 APR -4 AM 10: 33
                                 CIRCUIT COURT
         Plaintiff,              \*     FOR CIVIL DIVISION

       v.                      \*     BALTIMORE CITY

UNIVERSITY OF MARYLAND      \*
MEDICAL SYSTEM CORPORATION
22 S. Greene St.                  \*
Baltimore, MD 21201
                                       \*
Serve on Resident Agent:         \*

Megan M. Arthur,
Senior Vice President and General Counsel   \*
250 W. Pratt St., 24th Floor
Baltimore, MD 21201               \*

         Defendant.            \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

COMES NOW, DONNA L. HAYMAN, Plaintiff, by and through her attorneys, the Law
Office of Paul V. Bennett, P.A., hereby sues the University of Maryland Medical System
Corporation (hereinafter referred to as "UMMS"), Defendant, and states as follows:

## JURISDICTION AND VENUE

1.    This action arises from illegal employment discrimination, pursuant to Title VII of
the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (hereinafter referred to as
"Title VII").

2.    This Court has jurisdiction pursuant to Title VII, 42 U.S.C. § 2000e-5, et. seq.

3.    This Court has jurisdiction over Plaintiff's Age Discrimination in Employment Act
(hereinafter referred to as "ADEA") claim pursuant to 29 U.S.C. § 621, et seq.

4.   This Court has jurisdiction over Plaintiff's Americans with Disabilities Act (hereinafter referred to as "ADA") claim, pursuant to 42 U.S.C. § 12101, et seq.

5.   That all the actions complaint of herein took place in Kent County, Maryland.

6.   That at all times relevant hereto, Defendant UMMS is a Maryland business entity employing 15 or more persons and is an "employer" within the meaning of Title VII, as amended, 42 U.S.C. §§ 2000e et seq, the ADA, 42 U.S.C §§ 12101 et seq., and the ADEA, 29 U.S.C. § 621, et seq.

7.   Defendant UMMS operates the Chester River Hospital Center and is physically located and does business in Baltimore City, Maryland.

8.   In accordance with Federal, State, and Local laws, Plaintiff timely filed a Charge of Discrimination and Retaliation with the Maryland Commission on Civil Rights on December 27, 2011 which was cross filed with the U.S. Equal Employment Opportunity Commission. On January 7, 2013, a Notice of Right to Sue was received by the U.S. Department of Justice, Civil Rights Division. Therefore, Plaintiff has properly exhausted his administrative remedies before filing suit.

## FACTS COMMON TO ALL COUNTS

9.   Plaintiff began working for the Defendant in 1976 as a Registered Nurse.

10.   As a Registered Nurse, Plaintiff's duties included assuming responsibility and accountability for patients, coordinating and implementing patient care on her unit, providing quality care in an efficient and safe manner, and having the ability to lift 50 pounds, including frequent lifting and/or carrying objects weighing up to 25 pounds.

11.   Plaintiff has suffered from arthritis in both knees beginning in 2008. As such, Plaintiff's condition qualifies as a "disability" as that term is defined under the ADA.

12. In 2009, Plaintiff provided Defendant a doctor's note advising the Defendant of Plaintiff's condition and the doctor's recommendation that Plaintiff should not work a shift that is more than an eight (8) hours. Nurse Manager at that time, Kathy Abend accepted the request for accommodation and followed the recommendation.

13. Beginning in 2010, Plaintiff worked under the Director of Inpatient Services, Steve Eisemann.

14. On November, 28, 2011, Mr. Eisemann ordered Plaintiff to begin to work twelve (12) hour shifts or her employment would be terminated.

15. The Plaintiff's date of birth is May 14, 1956 and she is therefore an individual over the age of 40 and thereby protected from age discrimination under the ADEA.

16. Plaintiff timely filed a Charge of Discrimination with the Maryland Commission on Civil Rights on December 27, 2011.

17. Following the timely filing of this Charge, Mr. Eisemann instructed nurse team leads to closely monitor Plaintiff. If any of the nurse team leads were to find anything against Plaintiff, the nurse team leads were instructed to make sure they write-up Plaintiff or contact Mr. Eisemann for something that could result in disciplinary action taken against Plaintiff.

18. On or about February 17, 2012, Plaintiff was instructed to meet with Mr. Eisemann. When Plaintiff arrived, Mr. Eisemann, Patricia Kuhl (Human Resources Manager), and Mary Jo Keef were at the meeting. Ms. Kuhl attempted to discuss the issues involving Plaintiff's Charge during this meeting.

19. On March 7, 2012, Plaintiff received a Written Warning/Memorandum of Counseling dated February 17, 2012 outlining matters discussed regarding an alleged patient complaint while in the meeting with Ms. Kuhl, Ms. Keef, and Mr. Eisemann.

20. Defendant has been aware of Plaintiff's disability since 2009.

21. Plaintiff was treated differently from similarly situated employees because of her age and/or disability. Other Registered Nurses, including without limitation, Diana Nichols, were not subject to Written Warnings/Memoranda of Counseling and were able to work less than the demanded twelve (12) hour shifts with impunity. Also, only nurses who were 40 and over were required to be responsible for monitoring an entire floor without assistance.

22. At all times mentioned herein, Plaintiff was meeting or exceeding her employer's legitimate job expectations.

**COUNT I**
**Age Discrimination**
**(Disparate Treatment)**
**Age Discrimination in Employment Act of 1967, as amended**
**29 U.S.C. § 621 et seq**

23. Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. That similarly situated employees under the age of 40 were not subjected to the same discriminatory treatment of receiving a Written Warning/Memorandum of Counseling.

25. Plaintiff's age was a motivating factor in her discriminatory treatment of receiving a Written Warning/Memorandum of Counseling.

26.   That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

27.   As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT II
### Age Discrimination
### (Disparate Treatment)
### MARYLAND CODE ANN.,
### STATE GOVERNMENT ARTICLE, 20-606

28.   Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

29.   That similarly situated employees under the age of 40 were not subjected to the same discriminatory treatment of receiving a Written Warning/Memorandum of Counseling.

30.   Plaintiff's age was a motivating factor in her discriminatory treatment of receiving a Written Warning/Memorandum of Counseling.

31.   That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

32.   As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

5

**COUNT III**
**Disability Discrimination**
**(Knees)**
**Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101, et seq. (2000)**

33. Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

34. The Plaintiff has a "disability" as that term is defined in the ADA as she suffers from arthritis in both knees since 2008.

35. That Defendant was aware of Plaintiff's disability since 2009 when Plaintiff presented a doctor's note.

36. That similarly situated employees without a disability were not subjected to the same discriminatory treatment of receiving a Written Warning/Memorandum of Counseling.

37. Plaintiff's disability was a motivating factor in her discriminatory treatment of receiving a Written Warning/Memorandum of Counseling.

38. That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

39. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT IV
### Disability Discrimination
#### (Knees)
### MARYLAND CODE ANN.,
### STATE GOVERNMENT ARTICLE, 20-606

40. Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

41. The Plaintiff has a "disability" as that term is defined under Md. Code Ann., State Government Article, §20-601(b).

42. That Defendant was aware of Plaintiff's disability since 2009 when Plaintiff presented a doctor's note.

43. That similarly situated employees without a disability were not subjected to the same discriminatory treatment of receiving a Written Warning/Memorandum of Counseling.

44. Plaintiff's disability was a motivating factor in her discriminatory treatment of receiving a Written Warning/Memorandum of Counseling.

45. That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

46. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT V
### Disability Discrimination
### (Failure to Accommodate)
### Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101, et seq. (2000)

47.     Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint
as though fully set forth herein.

48.     At all times mentioned herein, Plaintiff has suffered from arthritis in both knees and
as such is an individual with a disability under the ADA.

49.     In 2009, Defendant was made aware of the disability when Plaintiff brought in a
doctor's note stating Plaintiff's condition and the recommended accommodation of
working shifts that are no longer than eight (8) hours.  This recommendation was
granted by Kathy Abend, nurse manager at that time.

50.     Although the accommodation was allowed for over two years, on November 28,
2011, Mr. Eisemann ordered Plaintiff to begin working shifts of twelve (12) hours or
be fired.

51.     Plaintiff is a qualified individual with a disability who is able to perform the essential
job functions of the position of registered nurse.

52.     Defendant discriminated against Plaintiff by refusing to fulfill her reasonable
accommodation request, as required by the ADA, to allow her to perform essential
job functions of the position.

53.     That the discriminatory actions of Defendant as set forth above, has caused and will
continue to cause Plaintiff to suffer emotional distress, humiliation, mental anguish,
attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

COUNT VI
DISABILITY DISCRIMINATION
(Failure to Accommodate)
MARYLAND CODE ANN.,
STATE GOVERNMENT ARTICLE, § 20-606

54.  Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

55.  At all times mentioned herein, Plaintiff has suffered from arthritis in both knees and as such is an individual with a "disability" as defined under Md. Code Ann., State Government Article, §20-601(b).

56.  In 2009, Defendant was made aware of the disability when Plaintiff brought in a doctor's note stating Plaintiff's condition and the recommended accommodation of working shifts that are no longer than eight (8) hours. This recommendation was granted by Kathy Abend, nurse manager at that time.

57.  Although the accommodation was allowed for over two years, on November 28, 2011, Mr. Eisemann ordered Plaintiff to begin working shifts of twelve (12) hours or be fired.

58.  Plaintiff is a qualified individual with a disability who is able to perform the essential job functions of the position of registered nurse.

59.  Defendant discriminated against Plaintiff by refusing to fulfill her reasonable accommodation request, as required by Md. Code Ann., State Government Article, §20-606(a)(4), to allow her to perform essential job functions of the position.

60.   That the discriminatory actions of Defendant as set forth above, has caused and will continue to cause Plaintiff to suffer emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VII
## RETALIATION
### (Adverse Actions, Protected Activity Deterrents and Termination)
Title VII of the Civil Rights Act of 1964 (Title VII)
42 U.S.C. § 2000e et seq.

61.   Plaintiff hereby restates and incorporates paragraphs 1 through 22, of this Complaint as though fully set forth herein.

62.   Plaintiff filed her Charge of Discrimination with the Maryland Commission on Civil Rights on December 27, 2011 which constituted "a legally protected activity" under Title VII.

63.   The aforementioned legally protected activity was known by management to have occurred. Her protected activity was communicated to Human Resources, her supervisor and upper management.

64.   The subsequent hostile work environment and Written Warning/Memorandum of Counseling as set forth in the above-referenced facts common to all counts amounted to illegal retaliation.

65.   That the aforementioned acts of retaliation for complaining of discrimination constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

66. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her gender and protected EEO activities.

67. That the unlawful employment practices complained above were intentional.

68. That the retaliatory employment practices of verbal and written counselings on February 17, 2012, as set forth above have caused and will continue to cause Plaintiff to suffer severe emotional distress, humiliation, and mental anguish.

69. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

70. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT VIII
### RETALIATION
#### (Adverse Actions, Protected Activity Deterrents and Termination)
#### MARYLAND CODE ANN.,
#### STATE GOVERNMENT ARTICLE, § 20-606(f)

71. Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

72. Plaintiff engaged in protected activity when she filed her Charge of Discrimination with the Maryland Commission on Civil Rights on December 27, 2011.

73. That notice of the protected activities had been broadcasted to upper management in December 2011 when counsel for Plaintiff had contacted Patricia Kuhl, Human

Resources Manager of Chester River Hospital, in an attempt to resolve and notify management of matters encompassing and contained in Plaintiff's pending charge.

74.   Defendant knew or should have known about the reasonableness of the request given Plaintiff's medical condition, but denied it nonetheless.

75.   After reporting the reasonable accommodation requests and after filing of the Charge of Discrimination became known to Plaintiff's supervisor and upper management, Plaintiff was subjected to a hostile work environment and subsequently received unjustified oral and written reprimands from the Defendant as defined by Md. Code Ann, State Government Article, § 20-606(f).

76.   That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

77.   As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, DONNA L. HAYMAN, Plaintiff, demands judgment against Defendant, UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION, as follows:

   a.   $250,000.00 as compensatory damages;

   b.   $250,000.00 for her emotional distress and mental anguish;

   c.   plus prejudgment and post judgment interest;

   d.   award attorney's fees and costs, including expert witness fees, as allowed by law;

e.   and for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

Paul V. Bennett, Esq.
Law Office of Paul V. Bennett, P.A.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@paulvbennett.com

*Attorney for Plaintiff*

13

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE CITY

DONNA L. HAYMAN                     *

      Plaintiff,                  *

      v.                          *      Case No.: _____

UNIVERSITY OF MARYLAND              *
MEDICAL SYSTEM CORPORATION
                 *
      Defendant.                  *

## PRAYER FOR JURY TRIAL

COMES NOW, Plaintiff, Donna L. Hayman, by her attorneys, Paul V. Bennett,

Esquire, and the Law Office of Paul V. Bennett, P.A., and respectfully requests a jury

trial in the above matter.

Respectfully submitted,

Paul V. Bennett, Esquire
Law Office of Paul V. Bennett, P.A.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
Telephone: (410) 974-6000
Facsimile: (410) 224-4590
Email: pbennett@paulvbennett.com

1